02D09-2207-CT-000341
Allen Superior Court 9

Filed: 7/20/2022 9:04 AM
Clerk
Allen County, Indiana
DW

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

TRACY TILLEY,                )
                             )
   Plaintiff,                )
                             )
   v.                        )
                             )
PROFESSIONAL MEDICAL         )
BILLING, INC.,               )
                             )
   Defendant.                )

# COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Tracy Tilley, a resident of Monroeville Indiana who worked for Defendant from about March of 2018 until her wrongful termination on February 23, 2021, and who filed EEOC Charge of Discrimination No. 470-2021-03051 on July 27, 2021, which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights to Sue on April 22, 2022 (Exhibit "B") and this Complaint has been filed within ninety days after receipt thereof.

2. Defendant is Professional Medical Billing, Inc., a company authorized to do business in the State of Indiana, and does so at 7619 W. Jefferson Boulevard, Fort Wayne, Indiana 46804. Defendant's Registered Agent is Linda Pearce.

3. Defendant is an "employer" for purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq*. ("ADA/ADAAA"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and the Families First Coronavirus Response

–1–

Act ("FFCRA").

4. Plaintiff was a Medical Billing Specialist when she worked for Defendant prior to her separation from employment. Prior to her separation, Plaintiff suffered from a variety of serious health conditions, including chronic pain, migraine headaches, severe influenza/Pertussis – all of which substantially impaired Plaintiff's major life activities of breathing, working, socializing, emotional stability, and other everyday life activities. However, Plaintiff could, either with or without reasonable accommodations, perform the essential functions of her job.

5. Periodically during her employment, Plaintiff provided Defendant with doctor's notes about her migraine headaches and her need for occasional time off of work under the FMLA. Defendant provided Plaintiff an approval letter for her intermittent FMLA leave for her asthma and migraine headaches.

6. Around late June of 2019, Plaintiff sent requests for reasonable accommodations to the Defendant regarding approving her for leave and other reasonable accommodations under the ADA. Defendant's Management became hostile towards Plaintiff and stated that Plaintiff's migraines were not considered a disability under the ADA. Plaintiff continued to use intermittent FMLA for medical reasons in 2019 through 2020. Beginning in the spring of 2021, and as a result of Plaintiff's serious health conditions, as well as the COVID-19 Pandemic, Plaintiff requested the reasonable accommodation of being permitted to work from home. This accommodation was granted, and for the last part of 2020 and beginning of 2021, Plaintiff carried out all her job duties from home.

–2–

7. On or about February 23, 2021, Plaintiff was notified by Defendant that she was being terminated for failing to return to work by February 15, 2021, but Plaintiff was continuing to have health issues for which she had previously been provided reasonable accommodations. Furthermore, Defendant had continued to permit non-disabled employees to work remotely from home.

8. Plaintiff alleges that she was discriminated against, retaliated against, and treated less favorably because of her serious health conditions, and because she had sought leave and reasonable accommodations for her disabilities and her record of health impairments.

9. Plaintiff was discriminated against, retaliated against, and terminated on the basis of her disability/perceived disability/record of impairment, all in violation of the ADA. Plaintiff also contends that she was retaliated against for utilizing benefits available to her under the FMLA and the FFCRA.

10. Plaintiff is seeking any and all available relief under the ADA, the FMLA, and the FFCRA, including, but not limited to, compensatory damages, punitive damages, liquidated damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff seeks judgement against the Defendant for compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and cost, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**MYERS SMITH WALLACE, LLP**


*/s/ Christopher C Myers*
Christopher C Myers # 10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
*Counsel for Plaintiff*

–4–

Equal Employment Opportunity Commission
Indianapolis District Office
RECEIVED 07/27/2021

470-2021-03051

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

III. Complainant worked for Respondent from March of 2018 until her wrongful termination on February 23, 2021. She held the position of Medical Billing Specialist at the time of her separation from employment. Complainant also suffered from a serious health condition that substantially impaired her major life activities of emotional regulation, and also cause her to experience severe chronic pain, migraine headaches, and interfered with her ability to breathe. One or more of her serious health conditions, either alone or combined, constituted a disability under the ADA, as well as perceived disabilities and a record of impairment. Nevertheless, Complainant performed within the reasonable expectations of the Respondent at all material times.

IV. Due to one or more of her health conditions, Complainant requested and received intermittent FMLA in 2019, and continued to use it periodically in 2020. Beginning in the spring of 2021, because of Complainant's serious health condition, as well as the COVID-19 Pandemic, Complainant requested the reasonable accommodation of being permitted to work from home. This accommodation was granted. For the last part of 2020 and beginning of 2021, Complainant carried out all of her job duties and functions from her home.

V. On or around February 23, 2021, Complainant was notified by the Respondent that she was being terminated for failing to return to work by February 15, 2021. This was in spite of the fact that Complainant continued to have health issues for which she previously had been given accommodations for, and was also in spite of the fact that Indiana was still dealing with the COVID-19 Pandemic.

VI. By information and belief, Respondent let non-disabled employees continue to work remotely. Complainant alleges she was discriminated against and treated differently because of her serious health conditions and her record of impairment.

VII. Prior to Complainant's termination, she had no known disciplinary actions.

VIII. Complainant contends that she was discriminated against, retaliated against, and terminated on the basis of her disability/perceived disability/record of impairment, in violation of the ADA. Complainant also contends that she was retaliated against for utilized benefits available to her under the FMLA and the FFCRA.

IX. Complainant seeks all available relief available to her under the ADA, FMLA and FFCRA.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7-26-2021

Date     Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

7-26-2021

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Indianapolis District Office
101 West Ohio St, Suite 1900
Indianapolis, IN 46204
(317) 999-1178
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/22/2022

To: Ms. Tracy Tilley
423 Mullberry Street
Apartment 13
Monroeville, IN 46773
Charge No: 470-2021-03051

EEOC Representative and email:   Frederick BruBaker
Enforcement Supervisor
FREDERICK.BRUBAKER@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 470-2021-03051.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele
04/22/2022

Michelle Eisele
District Director

Ex. B